649 A.2d 891

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
HAROLD ASCENCIO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 24, 1994—Decided November 29, 1994.

Before Judges BROCHIN and CUFF.

*Susan L. Reisner,* Public Defender, attorney for appellant (*Marilyn G. Gallegos,* Designated Counsel, of counsel and on the brief).

*Andrew K. Ruotolo, Jr.,* Union County Prosecutor, attorney for respondent (*Margaret Dougherty,* Prosecutor's Agent, of counsel and on the letter brief).

PER CURIAM.

After the denial of defendant Harold Ascencio's motion to suppress evidence on the ground that it was the product of an illegal search, the defendant pleaded guilty to possession of cocaine (*N.J.S.A.* 2C:35–10(a)(1)) and possession of cocaine with intent to distribute it (*N.J.S.A.* 2C:35–5(a)(1) and –5(b)(1)). The

two counts were merged and he was sentenced to fifteen years' imprisonment with five years' parole ineligibility.

On the basis of the evidence presented at a pretrial hearing before the Law Division on defendant's motion to suppress evidence, Hon. Burton J. Ironson, J.S.C., found, with ample support in the record, that defendant was stopped by a security guard and subsequently was searched by a Port Authority policeman when he tried unsuccessfully to pass through a metal detector at Newark International Airport. The search revealed a package hidden under defendant's shirt. It was wrapped in shiny greenish-tan packaging tape, and it was approximately 8.5 inches long, 4.5 inches wide, and 2 inches thick. Inside the outer wrapping, there were several layers of aluminum foil, which had set off the metal detector, and approximately 400 grams of cocaine.

Judge Ironson's findings of fact and conclusions of law sustaining the legality of the search are set forth in detail in his published opinion. *See State v. Ascencio,* 257 *N.J.Super.* 144, 607 *A.*2d 1381 (Law Div.1992).

On appeal, defendant argues:

Point I The trial court erred in denying the motion to suppress because Officer Rea's opening of a sealed package was a warrantless search not within any lawful exception.

Point II Because Officer Rea suspected the contents of the package to be drugs, he was required to seek a warrant prior to opening the package.

Point III The trial court erred in imposing the presumptive term of 15 years with a 5-year parole ineligibility period on this young first time offender.

We reject defendant's first two grounds of appeal substantially for the reasons stated by Judge Ironson in his published opinion.

We reject the defendant's third ground for appeal for the following reasons. *N.J.S.A.* 2C:35-5b(1) makes possession of *five* ounces or more of cocaine, including any adulterants or dilutants, a first degree offense punishable by ten to twenty years' imprisonment with parole ineligibility for between one-third and one-half of the sentence imposed. Defendant's presentence report, to which he took no exception at sentencing, reports that the "extrapolated

net weight" of the cocaine which he was carrying was 868.4 grams and the "net weight" was 402.6 grams. There are 28.35 grams to the ounce. In other words, defendant was carrying 14.2 ounces if the lesser weight is considered and 30.63 ounces if the greater weight is considered. In our view, the quantity of cocaine which defendant possessed was more than sufficient to justify the presumptive term to which he was sentenced, even after giving appropriate consideration to his lack of any prior criminal record. The sentencing judge also properly considered as aggravating factors the need for deterrence and the concern that without a substantial prison term defendant and others would consider his punishment as merely part of the cost of doing business. We find no abuse of discretion. *Cf. State v. Jarbath,* 114 *N.J.* 394, 401, 555 *A.*2d 559 (1989); *State v. Roth,* 95 *N.J.* 334, 364–65, 471 *A.*2d 370 (1984)

The judgment appealed from is therefore affirmed.